IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>THOMAS JOSEPH WEHNER,<br><br>Defendant/Movant. | Cause No. CR 16-14-GF-BMM<br><br><br>ORDER |

On motion by Defendant Thomas Wehner's previous counsel, the Court appointed new counsel Peter Lacny to represent Wehner. The Court has also authorized expenditure of other funds under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Further review of the file reveals confusion exists regarding the appointment of Lacny to represent Wehner.

Previous counsel represented that "this case has been remanded from the Ninth Circuit Court of Appeals." *See* Mot. for Counsel (Doc. 64) at 4 ¶ 16. Wehner, in fact, voluntarily dismissed his appeal. On Wehner's motion, the Ninth

1

Circuit ordered dismissal and stated only that its "order . . . shall act as and for the mandate of this court." Order (Doc. 63) at 1, *United States v. Wehner*, No. 16-30292 (9th Cir. Nov. 2, 2017); *see also* Order at 1, *Wehner*, No. 16-30292 (9th Cir. Jan. 18, 2018) ("The appeal remains closed."). When issued without direction to the district court, the mandate acts as the appellate court's signal that its judgment should be considered final and will not be amended or reconsidered. *See, e.g.*, *United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990), *quoted in Natural Res. Def. Council, Inc. v. County of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013).

As evidenced above, this case has an unusual posture. The Court appointed Lacny to assist Wehner in filing a motion under 28 U.S.C. § 2255. The Court has determined that services of Lacny are necessary and appropriate to the resolution of this case.

**Accordingly, IT IS HEREBY ORDERED**:

1. Counsel shall conduct all investigative necessary to determine whether to file any petitions for post-conviction relief on behalf of Wehner.

2. Counsel's appointment is restricted to efforts reasonably necessary to determine the appropriateness of filing a post-conviction petition on behalf of Wehner and the filing of any post-conviction petition deemed appropriate.

3. Counsel, if appropriate, timely shall file a post-conviction on behalf of Wehner.

4. Counsel shall inform the Court in a timely manner, through an ex parte motion, if he determines that it would not be appropriate to file a post-conviction petition on behalf of Wehner.

DATED this 1st day of March, 2018.

_____
Brian Morris
United States District Court Judge